## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| **DEBORAH CASEY,** individually and on behalf of all others similarly situated, <br><br> *Plaintiff*, <br><br> *v.* <br><br> **HOMECRAFT BUILDERS, INC.**, a Georgia corporation, <br><br> *Defendant,* | Case No. <br><br> **CLASS ACTION COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

## <u>CLASS ACTION COMPLAINT</u>

Plaintiff Deborah Casey ("Plaintiff Casey" or "Casey") brings this Class Action Complaint and Demand for Jury Trial against Defendant HomeCraft Builders, Inc. DBA HomeCraft Gutter Protection ("Defendant" or "HomeCraft") to stop the Defendant from violating the Florida Telephone Solicitation Act ("FTSA") by placing calls *without consent* to consumers using an autodialer. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Casey, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## PARTIES

1.      Plaintiff Deborah Casey is a resident of Palatka, Florida.

2. Defendant HomeCraft is a Georgia corporation headquartered in Loganville, Georgia. Defendant HomeCraft conducts business throughout this District and parts of the US, including Florida.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. 1332(d)(2). The matter in controversy exceeds $5,000,000, in the aggregate, exclusive of interest and costs, as each member of the proposed Class of thousands is entitled to up to $1,500.00 in statutory damages for each call that has violated the FTSA and the proposed class is expected to number in the thousands given the *en masse* nature of automated telemarketing campaigns. Further, Plaintiff alleges a Florida class.

4. This Court has personal jurisdiction over the Defendant because the Defendant conducts business in this District and made calls into this District.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because the calls at issue were made into this District where Plaintiff resides.

## INTRODUCTION

6. As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States

likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

7.     According to online robocall tracking service "YouMail," 5.0 billion robocalls were placed in March 2023 alone, at a rate of 161.1 million per day. www.robocallindex.com (last visited April 23, 2023).

8.     The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

9.     "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

10.     "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone*

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls

*Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No.

02-278, at 2 (2016).[2]

---

[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf

## COMMON ALLEGATIONS

11.     Defendant HomeCraft Builders, Inc. operates using the d/b/a HomeCraft Gutter Protection.[3]

12.     Defendant HomeCraft offers gutter cleaning services throughout the U.S. and including in Florida, where Plaintiff Casey resides.[4]

13.     Defendant HomeCraft operates a call center from its headquarters in Georgia in order to provide customer service and generate new business through telemarketing.[5]

14.     Defendant HomeCraft uses Convoso, an autodialer in its call center. This autodialer functions as a predictive dialer:

### A "Dramatic" Shift: Newfound Dialer Power Leads to Record-Setting Set Rates

After a chance meeting with members of Convoso, HomeCraft soon made the switch. And it didn't take long at all for the results to come in.

Culbertson says the first week working with the Convoso system brought a "dramatic" shift in results. Once the Convoso team helped them set up their campaigns, they were almost immediately doubling the number of conversions they made. Two things were particularly crucial in powering this instant turnaround: dialer power and caller ID reputation management.

With clean caller IDs—something HomeCraft struggled to maintain before—the Convoso predictive dialer was able to quickly penetrate those large lists that included many dormant leads, bringing leads back to life from what Culbertson laughingly calls the "lead cemetery."

"We had leads that were sitting there for a year or two years. When we were able to dump them into Convoso and start calling, we joked and said, 'There's no way these people are going to answer the phone.'" Well, they did! We were able to set some of those leads. We would never have been able to touch those if we didn't have the Convoso system."[6]

---

[3] https://homecraftgutterprotection.com/privacy-policy/

[4] https://www.linkedin.com/company/homecraft-gutter-protection/about/

[5] https://www.salary.com/job/homecraft-gutter-protection/call-center-manager/j202202141416598788569

[6] https://www.convoso.com/blog/homecraft-gutter-sets-sales-records-with-convoso/

15.    According to the aforementioned article about Defendant HomeCraft's use of the Convoso autodialer, HomeCraft is placing 20-30,000 calls, daily:

> "We're now placing 20 to 30,000 calls a day, no problem, with the Convoso system. Our ability to call those leads more frequently and connect more frequently is absolutely phenomenal. It's changed our business." [7]

16.    Defendant HomeCraft places telemarketing calls to consumers to solicit its gutter cleaning services, including to phone numbers listed on the National Do Not Call list, like in Plaintiff Casey's case.

17.    To make matters worse, Defendant HomeCraft continues to call consumers even after it has been explicitly told to stop calling.

18.    HomeCraft employees have posted complaints online on job review websites complaining about the quality of leads they were given by HomeCraft, including:

## Laughing stock

Sales (Current Employee) - Louisville, KY - November 24, 2022

Company is the worst. Work all day running terrible leads and the money is not enough to cover expenses. Corporate is the worst. If you want to waste your life away this is the pothole to work for. [8]

---

[7] *Id.*

[8] https://www.indeed.com/cmp/Homecraft-Gutter-Protection/reviews

**Why cant this company retain sales reps?**

Sales Associate (Former Employee) - Atlanta, GA - March 10, 2019

They seem to be no better off than they were 2 years ago. Average job life of a sales rep is 3 months. The overall quality of their leads is poor, thus low retention rates for sales reps. You will drive in excess og 60k miles a year. I doubt that you will make more than a 1 dollar per mile.

✓ **Pros**
Good product. Poor customer service

✗ **Cons**
Poor qualty leads                                                                                              9

19.　　Numerous consumers have posted complaints online regarding unsolicited calls they received from Defendant HomeCraft, including complaints where the consumers told HomeCraft to stop calling, but they still received additional calls, as per Plaintiff Casey's experience. The following list of complaints were addressed directly to Defendant HomeCraft through its Better Business Bureau page:

- "This business has been harassing me with telemarketing calls for weeks now. 5+ calls a day, 7 days a week sometimes as late as 10pm. \*\*\* *told every single employee on the line that they have the wrong number, there is no one with the name they are asking for and to please not call back* and yet here they are calling me again at 2:30 pm on a Sunday."[10] (emphasis added)

- "Never contracted with the company but they continued to hound me with 100s of robo calls trying to get my business. *I asked to be removed from their calling database but continue to receive robo calls from*

---

[9] https://www.indeed.com/cmp/Homecraft-Gutter-Protection/reviews?start=60
[10] https://www.bbb.org/us/ga/loganville/profile/gutter-guards/homecraft-gutter-protection-0443-27701025/customer-reviews

*locations around the country.* What a frigging sham."[11] (emphasis added)

- "Keeps calling. I block the number and they call from another. Harassment at its finest."[12]

- "STOP CALLING ME! I DONT KNOW HOW YOU GOT MY NUMBER BUT STOP CALLING! THIS IS HARASSMENT"[13]

- "This company, or robocallers claiming to be this company, have called daily, sometimes multiple times a day, since August. *I have asked to be removed from their call list, but the calls keep coming, but the phone number prefix changes.* Since August, all calls have come from an 828-492-XXXX number, with the last 4 numbers changing every time. I am at my wit's end with these calls. I have never done business with his company and with these harassing calls I will never ever do business with them. They also fill up my voicemail, as they leave an 8 second long "blank" voicemail at every call, although I will occasionally get a voicemail that says they are calling from Homecraft Gutter Protection. Today in my frustration I answered the call, the girl who answered identified herself and as calling from Homecraft Gutter Protection, and I asked her to please place me on their do not call list. I have also submitted a complaint to the ****"[14] (emphasis added)

- "Homecraft Gutter Protection, despite an earlier complaint with the BBB and a company response that they would no longer harass me with robo messages and cold calls, continues to contact me multiple times per day. *I have spoken with numerous cold callers over the past week who have promised me I would get no more calls.* My Friday 11/4 complaint with the BBB received an 11/5 response from Homecraft apologizing for the calls and again promised they had corrected the issue and that I would get no more calls. Since that time, I received two more calls yesterday and one today. *Over the last two weeks, I have*

---

[11] *Id.*
[12] *Id.*
[13] *Id.*
[14] *Id.*

*received dozens of calls from them despite my direct requests to take me off their call list and to not contact me again.*"[15] (emphasis added)

- "I repeatedly receive phone calls from this company claiming that I went on line and inquired into their service! *I have asked repeatedly to have my phone # removed from their files only to have my contact information moved to another phone line* (area code 678). I received (10) phone call in one day from this company on a Saturday morning! My phone is used for business and all that I ask is that my phone # be removed to avoid any more calls from this company - which I will surely never use!Thank You!"[16] (emphasis added)

- "*Homecraft will not stop calling despite being told to not call.* They call repeatedly, over and over and over. This is pure harassment. If you block the call, they will begin calling from a new number. Absolutely do not do business with this company."[17] (emphasis added)

20.     In response to these calls, Plaintiff Casey brings forward this case seeking injunctive relief requiring the Defendant to cease from violating the FTSA, as well as an award of statutory damages to the members of the Class and costs.

### PLAINTIFF CASEY'S ALLEGATIONS

21.     Plaintiff Casey uses her phone number as her residential landline.

22.     In April of 2022, Plaintiff Casey started receiving calls from Defendant HomeCraft.

---

[15] *Id.*
[16] *Id.*
[17] *Id.*

23.     On December 22, 2022, Plaintiff Casey received 2 calls from Defendant HomeCraft to her residential number, both from 386-245-0483 at 10:58 AM and 11:01 AM. Neither of these calls were answered.

24.     Plaintiff Casey called Defendant HomeCraft back on December 22, 2022 at 12:57 PM, using phone number 386-244-0449 and spoke to a Homecraft employee. Plaintiff complained about the calls she was receiving from HomeCraft and asked for the calls to stop. The employee said that Plaintiff's phone number would be added to their do not call list.

25.     Despite her clear stop request and being told that her residential number would be added to their do not call list, Plaintiff Casey received subsequent calls from Defendant HomeCraft on:

- December 23, 2022 at 5:30 PM and 5:33 PM, both from 386-244-0449;

- December 29, 2022 from 386-244-0449;

- December 30, 2022 at 4:37 PM, 4:40 PM and 4:43 PM, all from 386-244-0449; and

- January 2, 2023 at 2:30 PM from 386-245-0483.

26.     Plaintiff Casey called Defendant HomeCraft on January 2, 2023 at 2:50 PM at 386-245-0483 (the number that called her) and spoke to a Homecraft employee. Plaintiff complained about the calls she was receiving from HomeCraft, mentioned that she had already asked for the calls to stop, and repeated that she does

not want to receive any more calls from HomeCraft. The employee confirmed that Plaintiff's phone number would be added to their do not call list.

27.     Despite her 2nd clear stop request and being told that her residential number would be added to their do not call list again, Plaintiff Casey received subsequent calls from Defendant HomeCraft the very next day:

- January 3, 2023 at 3:22 PM from 386-244-0449;

- January 4, 2023 at 3:28 PM from 386-244-0449, 3:31 PM from 386-245-0483 and 3:40 PM from 386-244-0449;

- January 5, 2023 at 3:30 PM and 3:33 PM from 386-245-0483, and 3:36 PM from 386-244-0449;

- January 6, 2023 at 3:41 PM and 3:44 PM from  386-245-0483, and 3:47 PM from 386-244-0449;

- January 7, 2023 at 4:27 PM from 386-244-0449 PM, 4:30 PM from 386-245-0483, and 4:33 PM from 386-244-0449;

- January 9, 2023 at 9:15 AM and 9:21 PM from 386-245-0483;

- January 10, 2023 at 9:18 AM from 386-245-0483, 9:24 AM from 386-244-0449, and 9:27 AM from 386-245-0483;

- January 11, 2023 at 9:20 AM from 386-245-0483, and 9:23 AM and 9:26 AM from 386-244-0449;

- January 12, 2023 at 9:22 AM from 386-245-0483, and 9:25 AM and 9:28 AM from 386-244-0449;

- January 13, 2023 at 9:24 AM from 386-244-0449, 9:27 AM from 386-245-0483, and 9:30 AM from 386-244-0449;

- January 14, 2023 at 11:17 AM from 386-245-0483, 11:20 AM from 386-244-0449, and 11:25 AM from 386-245-0483;

- January 18, 2023 at 9:43 AM from 386-244-0449, 9:46 AM from 386-245-0483, and 9:50 AM from 386-244-0449;

- January 19, 2023 at 9:47 AM and 9:50 AM from 386-244-0449 and 9:53 AM from 386-245-0483;

- January 20, 2023 at 9:56 AM and 9:59 AM from 386-244-0449 and 10:02 AM from 386-245-0483; and

- January 21, 2023 at 10:36 AM from 386-245-0483 and 1:58 PM from 386-244-0456.

28.     Plaintiff never provided consent to HomeCraft to receive autodialed calls to her residential number, which is a violation of the FTSA.

29.     The HomeCraft website provides an option for consumers to get an estimate. The website form makes no mention of autodialed calls, as is required by the FTSA:



30.    In fact, HomeCraft updated its Privacy Policy months after it started calling Plaintiff to include consent to be called with an autodialer.[19]

31.    The unauthorized solicitation telephone calls that Plaintiff received from or on behalf of Defendant have harmed Plaintiff Casey in the form of annoyance, nuisance, and invasion of privacy, occupied her phone and phone line, and disturbed the use and enjoyment of her phone.

32.    Seeking redress for these injuries, Plaintiff Casey, on behalf of herself and a Class of similarly situated individuals, brings suit under the FTSA.

## CLASS ALLEGATIONS

33.    Plaintiff Casey brings this action pursuant to Rule 23(b)(2) and (b)(3), and seeks certification of the following Class:

> **Autodial Class:** All persons in Florida, who, on or after July 1, 2021, (1) received a telephonic sales call regarding Defendant's goods and/or services, (2) using the same equipment or type of equipment utilized to call the Plaintiff.

---

[18] https://www.indeed.com/cmp/Homecraft-Gutter-Protection/reviews

[19] https://web.archive.org/web/20220124042413/https://homecraftgutterprotection.com/privacy-policy/; https://homecraftgutterprotection.com/privacy-policy/

34. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Casey anticipates the need to amend the Class definition following appropriate discovery.

35. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class.

36. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a)     whether Defendant placed calls to Plaintiff and members of the Autodial class without first obtaining consent to make the calls;

(b)     whether the dialer Defendant used to make calls is an autodialer;

(c)     whether the calls constitute a violation of the FTSA;

(d)     whether members of the Class are entitled to treble damages based on the wilfulness of Defendant's conduct.

37.     **Adequate Representation**: Plaintiff Casey will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Casey has no interests antagonistic to those of the Class, and the Defendant has no defenses unique to Plaintiff. Plaintiff Casey and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Casey nor her counsel have any interest adverse to the Class.

38.     **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff Casey. Additionally, the damages suffered by individual members of the Class will likely be small relative to

the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court

**FIRST CLAIM FOR RELIEF**
**Violation of the Florida Telephone Solicitation Act,**
**(Fla. Stat. § 501.059)**
**(On Behalf of Plaintiff Casey and the Autodial Class)**

39.     Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

40.     Plaintiff brings this claim individually and on behalf of the Autodial Class Members against the Defendant.

41.     It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

42.     A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation

of a sale of consumer goods or services or an extension of credit for such purposes."
Fla. Stat. § 501.059(1)(i).

43.     Defendant failed to secure prior express written consent from Plaintiff and members of the Autodial Class.

44.     In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Autodial Class members without Plaintiff's and the Class members' prior express written consent.

45.     Defendant made and/or knowingly allowed the telephonic sales calls to Plaintiff and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers.

46.     As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing her attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the FTSA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Casey requests a jury trial.

**DEBORAH CASEY**, individually and on behalf of all others similarly situated,

DATED this 2nd day of May, 2023.

By: */s/ Stefan Coleman*

Stefan Coleman
**Coleman PLLC**
66 West Flagler Street
Suite 900
Miami, Florida 33130
law@stefancoleman.com
Telephone: (877) 333-9427

Avi R. Kaufman*
kaufman@kaufmanpa.com
**KAUFMAN P.A.**
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Class*

*\*Lead Counsel for Plaintiff and the putative Class*